IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DORIS HUGHES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 17-CV-947-NJR-RJD |
| | ) |
| STRYKER CORPORATION, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

On September 5, 2017, Doris Hughes ("Hughes") filed a *pro se* complaint naming Jose Raymon, Ryan Hunley, Jeffrey Whiting, Touchette Regional Hospital and Barnes-Jewish Hospital as defendants (Doc. 2). The Court initially dismissed the complaint without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) on the basis that Hughes failed to state a plausible claim for violations of her constitutional rights by persons acting under the color of state law. Hughes subsequently filed various letters/motions with the Court requesting leave to proceed on a product liability claim. On April 27, 2018, the undersigned vacated the Clerk's Judgment and granted Hughes leave to file an amended complaint. On May 9, 2018, Hughes filed an amended complaint alleging a product liability claim against Stryker Corporation <u>only</u>. In light of the filing of the amended complaint, the Court reinstated the motion to proceed *in forma pauperis* (*See* Docs. 3 & 4) and conducted a threshold review of the amended complaint pursuant to Section 1915. Finding that Hughes failed to state a product liability claim against Stryker Corporation, the Court dismissed the amended complaint without

prejudice (Doc. 25). Hughes has now filed a second amended complaint (Doc. 26). Thus, the Court revisits the pending motion to proceed *in forma pauperis* (*See* Docs. 3 & 4).

Because the Court has already found Hughes indigent (*see* Doc. 25, p. 2), it will proceed to reviewing the allegations of the second amended complaint.

As explained previously, a court can dismiss a case if the court determines that the action is clearly frivolous or malicious, fails to state a claim, or is a claim for money damages against an immune defendant. 28 U.S.C. § 1915(e)(2)(B); *see also Hoskins v. Poelstra*, 320 F.3d 761, 763 (7th Cir. 2003) ("District judges have ample authority to dismiss frivolous or transparently defective suits spontaneously, and thus save everyone time and legal expense.").

In reviewing the second amended complaint, the Court accepts the factual allegations as true, liberally construing those allegations in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645 (7th Cir. 2013). Conclusory statements and labels are not enough. The complaint must allege enough facts to "state a claim to relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 421 (7th Cir. 2013). An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

First, the Court finds that it has subject matter jurisdiction over this case based on the allegations of the second amended complaint. Hughes alleges that she is a citizen of Illinois, and Stryker Corporation is a citizen of Michigan. While Hughes does not specifically state that the "amount in controversy exceeds $75,000, exclusive of interest and costs," the Court concludes that the second amended complaint adequately alleges

that the amount in controversy exceeds the jurisdictional threshold. The Court is obligated to construe her pleadings liberally, given her *pro se* status. Hughes seeks thirty million dollars in damages (Doc. 26, p. 9). The fact that such a sum may not actually be recovered has no bearing on the Court's determination as to whether Hughes has met the jurisdictional threshold. Based on the claims she has alleged and the relief she has requested, the Court concludes that she has adequately alleged the amount in controversy threshold is satisfied.

The Court also finds that Hughes has sufficiently stated a product liability claim against Stryker Corporation. To state a strict product liability claim in the state of Illinois, a plaintiff must allege "(1) a condition of the product as a result of manufacturing or design, (2) that made the product unreasonably dangerous, (3) that existed at the time the product left the defendant's control, and (4) an injury to the plaintiff, (5) that was proximately caused by the condition." *Mikolajczyk v. Ford Motor Co.*, 901 N.E.2d 329, 345 (Ill. 2008).

In the second amended complaint, Hughes alleges that a "rejuvenate" hip implant device has caused her severe injury necessitating a revision surgery. The allegations of the second amended complaint seem to implicate that the hip implant device contained a manufacturing defect, which made the product "unreasonably dangerous" and the defect was present "at the time it left [Stryker Corporation's] control." (Doc. 26, p. 7-8). Hughes sufficiently alleges that this device caused her injuries (*Id.*). Thus, the Court finds that the second amended complaint is not clearly frivolous or malicious and does not fail to state a claim.

Accordingly, the Court **GRANTS** the motion for leave to proceed *in forma pauperis* (Doc. 3).

The Court also **REINSTATES** and **GRANTS** Hughes's motion for service of process at the government's expense (Doc. 5). The Clerk of Court is **DIRECTED** to complete a summons and form USM-285 for service of process on Defendant Stryker Corporation. The Clerk **SHALL** deliver the completed summons, USM-285 form, a copy of the second amended complaint, and a copy of this Order to the United States Marshal. The United States Marshal **SHALL** serve Stryker Corporation pursuant to Rule 4(e) of the Federal Rules of Civil Procedure. Rule 4(e) provides, "an individual—other than a minor, an incompetent person, or a person whose waiver has been filed—may be served in a judicial district of the United States by: (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or (2) doing any of the following: (A) delivering a copy of the summons and of the complaint to the individual personally; (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process." All costs of service shall be advanced by the United States.

**IT IS SO ORDERED.**

DATED:   August 29, 2018

> s/ Nancy J. Rosenstengel_____
> **NANCY J. ROSENSTENGEL**
> **United States District Judge**